## Ramey v. Commonwealth.

(Decided November 23, 1911.)

### Appeal from Bell Circuit Court.

Larceny.—Evidence examined, and held sufficient to authorize the jury to find the appellant guilty.

J. G. ROLLINS, FRANK BAKER for appellant.

JAS. BREATHITT, Attorney General, THOS. BLAKEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant and Andy Harrison, were jointly indicted charged with the crime of grand larceny, committed by them in stealing a suit case and the contents thereof. The accused demanded a separate trial and the Commonwealth elected to try the appellant who was found guilty. He asks a reversal of the judgment upon the ground that aside from the testimony of Harrison, an accomplice, there was not sufficient evidence to authorize a submission of the case to the jury or to sustain a verdict of guilty.

It appears from the record that a Mr. Jessee and his wife on the night of the eleventh of November were on the train going from some point in Virginia to Nicholasville, Kentucky. When the train reached Pineville, Kentucky, the Jessees missed their suit case, which had been placed in the aisle of the car near the front door and Mr. Jessee believing that appellant had gotten it, remarked to him that he had taken his suit case, when the appellant—who had a small valise in his hand—replied that he did not. The suit case, however, was gone. Another witness testifies that he saw Harrison and appellant on the train and that just before or at the time the train stopped at Pineville, he saw one of them who is identified as the appellant by the fact that he carried a valise in his hand, get a suit case and hand it to his confederate, Harrison, who jumped off of the train with it. When Harrison got off, the appellant remained on the train and it was after Harrison left that Jessee had the conversation with appellant above referred to. It is also shown that one of these parties picked up the suit case of another passenger, but upon being reminded that it was not his, put it down. Early the next morning Har-

rison and Ramey went to the house of Mrs. Johnson, with whom the wife of Ramey was staying, Harrison carrying the suit case in question and Ramey a small valise.   Mrs. Johnson testifies that she advised them to take the suit case back to Middlesboro, but the only answer they made was to open the suit case and examine the contents. The sheriff testifies that a day or so afterwards, he went to the house of Mrs. Johnson and there found the suit case and after making other trips found the contents in a trunk owned by Ramey's wife.   Harrison says that when he got off the train, Ramey handed the suit case to him and told him to take it off, which he did.   There are also several other facts and circumstances connecting appellant with the larceny of this suit case, and, leaving out of the record the evidence of Harrison, we think there was sufficient evidence to authorize the jury to return a verdict against the appellant.

There is no error in the instructions and the judgment is affirmed.